*LEO FOX*

*Attorney at Law*

630 Third Avenue, New York, New York 10017

(212) 867-9595 Fax: (212) 949-1857

September 30, 2009

Hon. Elizabeth S. Stong
United States Bankruptcy Judge
United States Bankruptcy Court
271 Cadman Plaza East
Brooklyn, New York 11201

Re: In Re Corner Hardware & Paint Ctr., Inc.
Case No. 09-47089 (ESS)

Dear Judge Stong:

It is remarkable that Merrill Lynch claims bad faith while failing to attach my letter of September 30, 2009, enclosed herein which was sent after a discussion with Merrill's counsel. The letter simply refutes Merrill's purported "good faith" and establishes clearly that the Debtor would not seek a cushion, and would live within the 50% of inventory cost formulation that Merrill concedes it has proposed to the Debtor. The Debtor simply requests that the shortfall be based on end of the month accounting but that payments on any shortfall would be paid within one week.

The fact remains that Merrill Lynch has a claim of $2,650,000 which is secured by collateral of over $5,000,000 as reflected on the Debtor's changes in collateral base for the period ending September 23, 2009 as reflected on the Debtor's reporting to Merrill. The second paragraph of Merrill's letter to the Court claiming that the Debtor's shortfall increased for the period ending September 23, 2009, highlights the problem that the Debtor has repeatedly alluded to that mid month reporting is simply distorted and inaccurate. There are spikes in the generation of accounts receivable which occur in the last week of the month whereby the Debtor's staff devote their full time to posting accounts receivable after the orders are shipped. Thus, the receivable balance as of September 30, 2009 is $3,069,457.00, significantly greater than the $2,859,362.00 receivable balance as of September 23, 2009 referred to in Merrill's counsel's letter, even without regard for the payments made during such week on account of accounts receivable.

The shortfall at the end of the month of September 30 based on the pre-petition formula plus cash is approximately the same $900,000 that it was in the beginning of the Chapter 11 case. (Merrill has neglected to mention that its $826,000 shortfall amount was based on a May 31,

2009 receivable schedule and therefore totally inconsistent with the Chapter 11 filing figures). There has been no deterioration of collateral.

The problem with Merrill's attempt to convince this Court that is new formula is more advantageous to the Debtor than the old formula is simply that it is not true. The Debtor may seek to focus on those customers that timely pay their bills and get rid of the customers who fail to pay their bills timely. Simply stated the pre-petition formula "valued" eligible collateral as the difference between the $2,650,000 claim amount and the approximate $900,000 shortfall for a net eligible collateral value of $1,750,000. By retaining this formula and freezing the shortfall as proposed originally by Merrill, the Debtor will be able to focus on obtaining timely payment on current receivables and actually reorganize and be better able to deal with the untimely customers.

The new post-petition "generous" formula, however, values the "eligible collateral" at about $2,600,000.00 (a shortfall of $30,000 from the $2,650,000 claim amount) and would require the Debtor to maintain this collateral amount while using its older accounts receivable to maintain this higher collateral valuation. This formula would not permit any effort to get rid of the untimely customers because the formula would require the Debtor to maintain a collateral position of older receivables and a value of $2,600,000. Accordingly the new formula would not assist the Debtor in reorganizing but would in fact compel the continuation of the retaining of the untimely customers with older receivables to support the collateral valuation.

Contrary to Merrill's claim that cash on deposit belongs to Merrill, the cash generated by the Debtor's operations are necessary to pay for items within the budget. This cash is necessary to pay budgeted expenses and does not become available to pay Merrill because of the spikes in cash needs and expenses. Merrill is protected because the Debtor is limited by the budget, and further such cash continues to constitute collateral of Merrill. Merrill's formulation of liquidation is simply hyperbole and inaccurate. It is not the intention of the debtor to liquidate.

Merrill's last attempt to blacken the reputation of this Debtor is also without merit. All the information has been provided except for a few items which require Mr. Wertzberger's active involvement, where Mr. Wertzberger has been occupied on a full time basis in working on the extensive bi-weekly reporting requirements of Merrill, and also operating a fairly substantial business. The Debtor's attempt to hire Allen Feinsilber, an experienced accounting professional, was rebuffed by Merrill's attorneys who made slanderous claims without a single bit of substantiation.

For these reasons we ask that the Court permit us the use of cash collateral based upon an equity cushion of several million dollars.

Respectfully Submitted,

Leo Fox

**LEO FOX**
*ATTORNEY AT LAW*

*630 Third Avenue, New York, New York 10017*
*(212) 867-9595 Fax (212) 949-1857*

September 30, 2009

SENT VIA FACSIMILE TRANSMISSION

Spencer L. Schneider, Esq.
70 Lafayette Street
New York, NY 10013

**Re: Corner Hardware & Paint Center, Inc.,**
**Chapter 11**
**Index No. 09-47089 (ESS)**

Dear Spencer:

I am writing this after our 2:15 p.m. telephone discussion while I am still out of the office and not able to revise the Stipulation again.

The Debtor proposes that the shortfall will be based on the end of the month accountings, but payment on any shortfall will be made within one (1) week after the reporting reflects such shortfall. The Debtor proposes to modify the formula by using the shortfall that existed as of the Chapter 11 filing instead of the "current" shortfall. In addition the Debtor deletes the $200,000 cushion proposed and replaces that with availability of 50% of inventory costs instead of 30% costs.

With these modifications, we would ask that the Bank proceed with the Cash Collateral Stipulation.

Very truly yours,

Leo Fox

LF:ap

cc: Corner Hardware & Paint Ctr., Inc.
Attn: Abraham Werzberger

H:\@Clients\WERZBERGER\Spencer093009.wpd